**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 08-778-GPM |
| SCOTT BUCHANAN, JENNIFER BUCHANAN, and WILLIAM ANASTOPOULOS, | ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.[1]

---

[1]This action was reassigned to the docket of the undersigned district judge after it was filed.

Plaintiff, a finance company asserting a state law breach of contract claim against Defendants Scott Buchanan, Jennifer Buchanan, and William Anastopoulos, alleges that jurisdiction is proper under the diversity of citizenship statute, 28 U.S.C. § 1332. However, Plaintiff's allegations that each Defendant "is an individual and a resident of the State of Arizona" are insufficient to establish their citizenship. *America's Best Inns*, 980 F.2d at 1074 ("[i]n federal law citizenship means domicile, not residence"). Moreover, these allegations are based upon "information and belief." Allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *Id*.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an <u>Amendment to the Complaint</u> **on or before April 10, 2009**, to cure the deficiencies set forth above.[2] Plaintiff shall file an Amendment to the Complaint only and not an amended complaint. If Plaintiff fails to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance

---

[2]The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.

toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 04/01/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge